E-FILED
Friday, 11 February, 2022   12:30:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DERICK-LAMONT: TURNER (in Propria Persona), ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL K. WRIGHT d.b.a. Sangamon County State's ) <br> Attorney, acting under color of law in his individual ) <br> capacity, ) <br> ) <br>    Defendant. ) | Case No. 22-3009 |

## OPINION

RICHARD MILLS, United States District Judge:

Derrick Lamont Turner has filed a *Pro Se* complaint under 42 U.S.C. § 1983 alleging constitutional violations.

Turner moves to proceed *in forma pauperis*.

This is a merit review of the *Pro Se* Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Section 1915(e)(2) requires the Court to dismiss the case if, *inter alia*, the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *See Turley v. Rednour*, 729 F.3d

1

645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

Turner alleges the State's Attorney exceeded his authority by charging him with traffic offenses, thereby violating Turner's liberty interest and constitutional right to travel. Turner states that he missed a court appearance on May 3, 2021, was arrested pursuant to a warrant on November 14, 2021, and spent a night in jail. Following his arrest, Turner attended a court appearance on December 13, 2021, and claims he was deprived of a chance to defend himself. Turner further alleges he has been ordered to appear in court on February 14, 2022.

Turner asks this Court to issue injunctive relief prohibiting the State's Attorney from pursuing adversarial legal actions which violate Turner's rights. Turner claims such conduct violates his rights as an "American National" and asks the Court to order that he not be detained for the exercise of his constitutionally protected right to travel.

Additionally, Turner seeks monetary damages of $100,000 for "being falsely and unlawfully arrested and detained for a night in the Sangamon County Jail." Turner also seeks declaratory relief and asks the Court to "issue[] an Order stating my Name, Nationality, Status, as evidence that I've endured litigation to enforce my

rights and that I may be able to use it for any future encounters with law enforcement whether local or out of state in order to prevent future lawsuits against other public officials and to prevent plaintiff of having to deal with the financial or emotional and psychological stress of being detained, arrested, and imprisoned for exercising Constitutionally protected rights."

Turner's allegations make it clear that he is a so-called sovereign citizen. His arguments--"like those often raised by 'sovereign citizens'—fail to state a claim," *See Ford-El v. United States*, 848 F. App'x 664 (7th Cir. 2021) (citations omitted), and will be dismissed for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

The crux of Turner's complaint is that he is immune from prosecution as an "American National." However, the laws of the United States apply to all persons within its borders, including Turner. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent . . . that person is not beyond the jurisdiction of the courts."). Turner cannot state a claim for relief.

Turner's complaint states that he missed a court appearance for his traffic offenses. The State's Attorney did not violate Turner's rights by asking the court to issue a bench warrant because of the missed appearance. Nor did the State's Attorney violate his rights by scheduling another court appearance. The right to

travel does not mean a person is immune from prosecution for traffic offenses. The issuance of a citation for an alleged traffic violation did not implicate Turner's constitutional rights.

Even upon accepting the allegations of the complaint as true, the Court must conclude that Turner has not stated a cognizable claim. Accordingly, the Court will dismiss the complaint for failure to state a claim.

Ergo, this case is Dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The Clerk will terminate any pending motions and enter Judgment.

ENTER: February 10, 2022

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge